22-3162 (L)
Mehaylo v. Loris

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-four.

PRESENT:  BARRINGTON D. PARKER, JR.,
     RAYMOND J. LOHIER, JR.,
     MICHAEL H. PARK,
      *Circuit Judges*.

------------------------------------------------------------------

LINDA M. MEHAYLO,

   *Plaintiff-Appellee*,

   v.

DANIEL P. LORIS, OFFICER
DOMINGUEZ, OFFICER
DEANGELO,

   *Defendants-Appellants*.

------------------------------------------------------------------

Nos. 22-3162 (L);
22-3163 (Con)

FOR PLAINTIFF-APPELLEE: John R. Williams, Law Office of John R. Williams, New Haven, CT

FOR DEFENDANTS-APPELLANTS
(DANIEL P. LORIS AND
OFFICER DOMINGUEZ): KIMBERLY A. BOSSE (Patrick D. Allen and Dennis M. Durao, *on the brief*), Karsten & Tallberg, LLC, Rocky Hill, CT

FOR DEFENDANT-APPELLANT
(OFFICER DEANGELO): THOMAS R. GERARDE, Howd & Ludorf, LLC, Wethersfield, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendants-Appellants Daniel Loris and Manuel Dominguez are police officers with the Shelton Police Department in Connecticut, while Defendant-Appellant Frank DeAngelo is an officer with the Derby Police Department, also in Connecticut. All three officers appeal from an order of the United States District Court for the District of Connecticut (Bolden, *J.*) denying their summary judgment motions on Plaintiff-Appellee Linda M. Mehaylo's claim of excessive

2

force in violation of the Fourth Amendment, as well as her state law assault and battery claims based on her February 15, 2017 arrest. On appeal, Appellants argue that the District Court erred in denying their motions for summary judgment based on the defense of qualified immunity. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We have "jurisdiction to review an interlocutory order denying qualified immunity so long as defendants pursue the appeal on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find." *Francis v. Fiacco*, 942 F.3d 126, 139 (2d Cir. 2019) (quotation marks omitted). "[E]ven where the district court rules that material disputes of fact preclude summary judgment on qualified immunity, we may still exercise interlocutory jurisdiction if the defendant contests the existence of a dispute or the materiality thereof, or . . . contends that he is entitled to qualified immunity even under plaintiff's version of the facts." *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 761 (2d Cir. 2003) (quotation marks omitted).

With these principles in mind, we conclude that we have jurisdiction over this appeal. We thus review the District Court's summary judgment ruling on the merits *de novo*, accepting as true Mehaylo's version of the facts. *See id.*

Turning to the merits, we reject Appellants' argument that they are entitled to qualified immunity on Mehaylo's excessive force claim at the summary judgment stage. In determining whether force used by police officers is reasonable, we pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). The use of force "must be judged from the perspective of a reasonable officer on the scene." *Graham*, 490 U.S. at 396. Here, a reasonable jury could find that the force used by Officer DeAngelo was excessive when he grabbed Mehaylo's arm without warning and by surprise, and when he forcibly pulled her out of her home after she had agreed to cooperate. *See Mickle v. Morin*, 297 F.3d 114, 116–17, 122 (2d Cir. 2002); *Calamia v. City of New York*, 879 F.2d 1025, 1029 (2d Cir. 1989); *see also Lennox v. Miller*, 968 F.3d 150, 157 (2d Cir. 2020)

4

(denying summary judgment where officers used force to arrest plaintiff who was "not resisting"). Similarly, a reasonable jury could conclude that all three officers employed an unreasonable degree of force when, as Mehaylo claims, they picked Mehaylo up after she had already been handcuffed and then forcibly threw her headfirst into the back seat of a police cruiser, causing her head to hit the back of the center console and resulting in head injuries. Accordingly, we affirm the District Court's denial of summary judgment on qualified immunity grounds as to the federal claims against Appellants without expressing a view as to their ultimate entitlement to judgment after all factual disputes are resolved.

We also reject Appellants' contention that summary judgment should have been granted on Mehaylo's state law assault and battery claims. Appellants' arguments as to the state law claims are entirely coterminous with the supposed errors on which they appeal the qualified immunity ruling.

For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court